JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
SARA J. TRAFALS    Ph: (630) 262-0270
379 Ashby Court
Geneva, IL 60134

(b) County of Residence of First Listed Plaintiff  KANE
(EXCEPT IN U.S. PLAINTIFF CASES)

(c) Attorney's (Firm Name, Address, and Telephone Number) 435-628-1682
Gallian, Wilcox, Welker & Olson
59 South 100 East; St. George, UT 84770

## DEFENDANTS
Nicholas J. Hasenwinkel and Larry Dean Hasenwinkel
346 N. 3460 West; Hurricane, UT 84737

County of Residence of First Listed Defendant  Washington
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

Attorneys (If Known)  UNKNOWN

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)
- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☒ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☒ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | | | |

## V. ORIGIN (Place an "X" in One Box Only)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 USC § 1332
Brief description of cause:
Injuries from auto accident

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☒ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE _____   DOCKET NUMBER _____

DATE  9/5/07
SIGNATURE OF ATTORNEY OF RECORD  (Michael I. Welker)

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

GALLIAN, WILCOX, WELKER & OLSON, L.C.
Michael I. Welker #7447
Brian L. Olson #8070
59 South 100 East
St. George, Utah 84770
Telephone: (435) 628-1682

Attorneys for Plaintiff

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF UTAH

| | |
|---|---|
| SARA J. TRAFALS,<br><br>    Plaintiff,<br><br>vs.<br><br>NICHOLAS JON HASENWINKEL and<br>LARRY DEAN HASENWINKEL<br><br>    Defendants. | **COMPLAINT**<br><br><br>Civil No. _____<br><br>Judge: _____ |

Plaintiff SARA J. TRAFALS, by and through Michael I. Welker of the law firm of GALLIAN, WILCOX, WELKER & OLSON, L.C., for her Complaint against Defendants avers as follows:

### JURISDICTION AND VENUE

1. Plaintiff Sara J. Trafals (hereinafter, "Sara") is a resident of the State of Illinois.

2. At all times relevant herein, Defendant Nicholas Jon Hasenwinkel (hereinafter, "Nicholas") was a resident of Washington County, State of Utah.

3. At all times relevant herein, Larry Dean Hasenwinkel (hereinafter, "Larry"), a resident of Washington County, was Nicholas' natural father and guardian, and was the owner of the 1996 Oldsmobile Ciera (the "Oldsmobile") at issue in this case.

4. The events and circumstances giving rise to this lawsuit occurred in Washington County, State of Utah.

5. Jurisdiction over the Plaintiff's claims in this court is proper and is predicated upon 28 U.S.C. § 1332.

6. Venue over Plaintiff's claims in this court is proper.

## CAUSE OF ACTION
### Negligence

7. Plaintiff reasserts all other allegations of this Complaint and incorporates them herein as though set forth in full.

8. On September 19, 2003, Sara was the driver of a 2003 Pontiac (the "Pontiac").

9. On September 19, 2003, Nicholas, a minor at the time, was the driver of the Oldsmobile.

10. On September 19, 2003 at approximately 7:30 a.m., Sara was traveling eastbound in the Pontiac on State Road 9 at or near 2700 West Street in Hurricane, Utah.

11. At the above-mentioned time, Nicholas was driving eastbound in the Oldsmobile on State Road 9 at or near 2700 West Street in Hurricane, Utah.

12. At the above-mentioned time and location, Nicholas negligently rear-ended Sara's vehicle, pushing Sara's vehicle off of the road and into a ditch.

13. At the above-mentioned time and location, Nicholas negligently and recklessly operated his vehicle by causing it to collide into the Pontiac.

14. Defendants knew, or reasonably should have known, that such an accident was a foreseeable consequence, and in fact a likely consequence, of Nicholas' carelessness and negligence.

15. In causing the aforementioned collision, Nicholas generally breached his duty to act with reasonable care and caution to prevent injury to drivers on public roads; more specifically, Nicholas breached his duties to maintain a proper lookout and to keep a safe distance behind vehicles ahead of him, in violation of Utah Code Ann. § 41-6a-711.

16. As a direct and proximate result of Nicholas' negligence and recklessness, Sara has sustained bodily injury, shock, and emotional harm, and has suffered great physical, mental, and emotional pain and suffering.

17. Moreover, Sara's injuries have resulted in a degree of permanent impairment and disfigurement to Sara.

18. Nicholas' negligence was the actual and proximate cause of Sara's injuries identified herein.

19. As a direct and proximate result of Nicholas' negligence and recklessness, Sara suffered injuries requiring her to employ physicians, physical therapists, and other medical personnel for examination, treatment, and care of her respective injuries; and Sara also incurred incidental out-of-pocket travel related expenses.

20.     As a direct and proximate result of Nicholas' negligence and recklessness, Sara will incur further medical and incidental expenses for the care and treatment of her respective injuries.

21.     Nicholas is liable for all general, consequential, and incidental damages as alleged above.

22.     Under Utah Code Ann. § 53-3-212, as the owner of the Oldsmobile, Larry is jointly and severally liable for all general, consequential, and incidental damages caused by or assessed to Nicholas as alleged above.

## **PRAYER FOR RELIEF**

WHEREFORE, Sara respectfully prays for judgment against Defendants as follows:

1.     For general damages that Sara has suffered, including but not limited to pain, suffering, impairment, emotional distress, disfigurement, and lost quality of life, in amounts to be proved at trial;

2.     For all consequential, incidental, and special damages that Sara has suffered, including but not limited to past and future medical expenses, in amounts to be proved at trial;

3.     Pursuant to Utah Code Annotated Section 78-27-44, for prejudgment interest at the legal rate from the date of Sara's injuries until paid;

4.     For costs incurred and accruing;

5.     For post-judgment interest at the legal rate; and,

6.     For such other and further relief as the court deems just under the circumstances.

4

DATED this __5__ day of September, 2007.

                GALLIAN, WILCOX, WELKER & OLSON, L.C.

                _/s/ Michael I. Welker_
                Michael I. Welker

                <u>Attorney for Plaintiffs</u>

5